(No. 39179.—

ALTON-WOOD RIVER SPORTSMEN'S CLUB, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BEULAH ZIRKELBACH, Appellee.)

*Opinion filed September 28, 1965.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

WISEMAN, HALLETT, MOSELE & SHAIKEWITZ, of Alton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded compensation to the claimant, Beulah Zirkelbach, and on review the Commission sustained the award. The circuit court of Madison County affirmed the decision of the Com-

mission. On this direct appeal the employer, Alton-Wood River Sportsmen's Club, Inc., contends that the order of the circuit court is contrary to law and against the manifest weight of the evidence, on the ground that the claimant failed to give notice of the accident as required by the Workmen's Compensation Act. Ill. Rev. Stat. 1959, chap. 48, par. 138.6(c).

The claimant was employed as head cook by the Alton-Wood River Sportsmen's Club. She testified that shortly before 10:00 P.M. on Sunday, January 29, 1961, she slipped on a wet floor and fell against a sink, striking her lower abdomen. She felt a sharp pain run through her stomach and became dizzy, nauseated and weak. Another employee testified that she helped the claimant to a chair and finished the claimant's work. The claimant testified that she asked to see the manager but was told by the bartender that he had already left. She asked the bartender to have the manager call her the next morning. She testified that the manager did not call her, and that when she called him at his home the next day, he was not in. She then called the office of Leo Pullman, an insurance agent. He was not in either, but she told the girl who answered the telephone at his office she had been hurt at respondent's club, and the girl told her to go to any doctor, that the club did not have any special one. The claimant testified that she called Pullman because when she was hired, Jess Edwards, who was chairman of the board of directors of the club, had told the employees that if there was an accident they should call Leo Pullman, a director of the club who handled its insurance. She also testified, however, that subsequently, after the club had hired a full-time manager, she had reported an injury to the manager without notifying Pullman.

The respondent contends that the notice to Pullman's office did not satisfy the statutory requirement of notice to the employer. It is not disputed that the claimant was instructed at the time she was hired to report any injury to

Pullman. Nor is it disputed that she notified Pullman's office, that she requested that the manager be asked to call her, and attempted to notify him by phone. The respondent argues that the hiring of a full-time manager constituted a revocation of the earlier instruction to notify Pullman of any accident. But there is no indication that the initial instruction was ever rescinded or modified, and as a matter of law we see no incompatibility between that instruction and the subsequent hiring of a manager.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*